UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZUKAS INTEGRATED
MARKETING SOLUTIONS, LLC,

        Plaintiff,

                                     Case No. 11-13331

v.

                                     HON. GEORGE CARAM STEEH

CAPTIVATE NETWORK,

        Defendant.
_____/

OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS

On June 30, 2011, plaintiff filed an action in Wayne County Circuit Court alleging breach of contract, promissory estoppel, and quantum meruit. On July 29, 2011, defendant removed the case to this court. On August 5, 2011, defendant filed a motion to dismiss arguing plaintiff's claims are subject to a mandatory forum selection provision in the parties' agreement. Plaintiff filed a response and defendant filed a reply. A hearing on the motion was held on October 5, 2011. For the reasons set forth below, the court DENIES defendant's motion to dismiss.

BACKGROUND

In March 2009, the parties entered into an agreement whereby plaintiff would place advertisers with defendant's digital out-of-home network. Under the agreement, plaintiff was appointed by defendant as the exclusive advertising sales representative for defendant in the specified territory. In exchange, defendant agreed to pay plaintiff a percentage of the annual net amounts earned and collected from the sale of advertising. Plaintiff allegedly

sold advertising to Ford Motor Company on behalf of defendant and did not receive the

agreed-upon commission from defendant.  Plaintiff then brought this suit.  The agreement

between the parties contains the following provision:

> 12.   Governing Law: All matters pertaining to this Agreement shall be governed by the law of the Commonwealth of Massachusetts.  Each party hereby irrevocably accepts for itself and in respect of its property, generally and unconditionally, the jurisdiction of the aforesaid courts.

Section 12, Exhibit A to Complaint.

In its motion, defendant argues the case should be dismissed because plaintiff's

claims are based on the agreement and the agreement contains a clause in which the

parties consented to the exclusive jurisdiction of courts in Massachusetts.  In response,

plaintiff argues the clause at issue is merely a "governing law" clause providing for non-

exclusive jurisdiction in Massachusetts, not exclusive jurisdiction.  Plaintiff then argues that

even if the clause provides for exclusive jurisdiction, enforcement of the clause would be

contrary to the interests of justice and convenience of the parties and witnesses.

STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the

complaint in favor of the plaintiff, accept the factual allegations as true, and determine

whether the allegations present plausible claims.  Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 127 S. Ct. 1955, 1964-65 (2007).  The pleading must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

The court should first identify any conclusory allegations and bare assertions that are not

entitled to an assumption of truth, then consider the factual allegations that are entitled to

a presumption of truth and determine if they plausibly suggest entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).  The well-pleaded facts must permit an inference of more than a mere possibility of misconduct.  Id. at 1950.

ANALYSIS

The question before the court is whether the contract provision at issue is a mandatory or permissive forum selection clause.  If the court finds that the forum selection clause is mandatory, the court must then address the parties' arguments regarding the enforceability of such a clause.  If the court finds that the forum selection clause is permissive, defendant's motion to dismiss should be denied.  Plaintiff argues the clause is permissive because it does not exclude other forums as being appropriate; the clause does not state that lawsuits "must be" or "shall be" filed in a specific locale.  Plaintiff argues the language only prohibits the parties from objecting to the jurisdiction of a Massachusetts court, rather than obligating the parties to pursue litigation exclusively in Massachusetts. The court agrees.

In Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465-66 (6th Cir. 2009), the Sixth Circuit found a governing law clause which provided that the parties "submit to the non-exclusive jurisdiction" of the courts of the State of Victoria, Australia, permissive.[1]  The court stated:

───────────────

[1]During the hearing, the court raised the issue of whether federal or Massachusetts law applies to the interpretation of the forum selection clause.  Plaintiff stated the answer to the choice-of-law question is not clear.  Defendant argued federal law applies, as the Sixth Circuit in Wong v. PartyGaming Ltd., 589 F.3d 821, 828 (6th Cir. 2009) found that, in a diversity suit, the enforceability of a forum selection clause is governed by federal law.  The court applies federal law, but notes that the decision would be the same under Massachusetts law as Massachusetts employs ordinary contract interpretation principles, including the principle that unambiguous language shall be given its plain and ordinary meaning.

> Reading the provision's language "as a whole" and giving it "its ordinary and
> natural meaning," the contract language clearly and unambiguously provides
> that the courts of the State of Victoria are only one possible forum.

Id. at 466. In Lopesco Industria de Subprodutos Animais, Ltda. v. Free Range Dog Chews, Inc., Case No. 10-10970, 2010 WL 3790179, *1 (E.D. Mich. Sep. 22, 2010), the court stated "[p]ermissive clauses may authorize jurisdiction and venue in a particular forum, but absent language specifically excluding other forums, do not bar suits in otherwise appropriate forums."  The forum selection clause in Lopesco is similar to the one in this case.  In Lopesco, the clause provided that an action based upon the agreement "may be brought against any of the parties in the State of Michigan, County of Macomb, and each of the parties consent to the jurisdiction of such court and waives any objection [to] the venue laid herein."  The court found the clause permissive as the language "does not specifically exclude the commencement of a lawsuit in another forum." Id. at *2; see also Dunne v. Libbra, 330 F.3d 1062, 1064 (8th Cir. 2003) (finding "this agreement shall be governed by and construed and enforced in accordance with the laws of the State of Illinois, and the parties consent to jurisdiction to [sic] the state courts of the State of Illinois" to be permissive); Dorel Steel Erection Corp. v. Capco Steel Corp., 392 F. Supp. 2d 110, 113-14 (D. Mass. 2005) (denying motion to dismiss as forum selection clause, stating "[i]n any litigation connected with this Agreement, the parties hereto hereby consent to and confer jurisdiction on the courts of the State of Rhode Island, United States of America and on the United States District Court for the District of Rhode Island, and hereby expressly waive any objections to venue in such courts", is permissive).

Defendant cites Silberg v. Zotec Solutions, Inc. Case No. 05-73822, 2006 WL 1007635, *3 (E.D. Mich. April 17, 2006), a case in which the court granted defendant's

4

motion for change of venue because of a forum selection clause. While a different standard applied to that case (as it was a motion to change venue rather than for dismissal), the clause in that case is also very different from the clause in this case. In Silberg, the forum selection clause provided that the "parties agree that any litigation involving this Agreement shall be brought exclusively in the courts of the State of Indiana, to which jurisdiction all parties hereto consent." The forum selection clause in Silberg specifically provides for exclusive jurisdiction in Indiana. Significantly, the word "exclusively" is not present in the forum selection clause in the case before this court. In addition, the "shall be governed" language emphasized by defendant applies only to the applicable law rather than the forum. The court reads the clause at issue as providing that Massachusetts law must be applied to disputes arising from the agreement and that actions arising from the agreement may be brought in Massachusetts. The plain and ordinary meaning of the language requires such an interpretation. The clause does not contain language mandating that all actions must be brought in Massachusetts, and the defendant has failed to point to any such language. As such, defendant's motion to dismiss is denied.

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is DENIED.

SO ORDERED.

Dated: October 13, 2011

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

5

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 13, 2011, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk